UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.  CASE NO. 8:19-cr -363-T-36AEP

DAMEON KERK ALLEN

**UNITED STATES' MOTION *IN LIMINE* TO PRECLUDE DEFENDANT FROM ARGUING ENTRAPMENT AS A DEFENSE TO THE JURY**

The United States of America moves this Court *in limine*, based on a lack of evidence supporting the defense, to preclude defendant Dameon Allen from arguing entrapment as a defense to the jury. The United States respectfully requests that the Court rule on this motion before trial because the disposition of this motion will impact the permissible scope of argument and testimony.

### I.  BACKGROUND

On August 20, 2018, Allen was charged in a one-count indictment with attempted child enticement, in violation of 18 U.S.C. § 2422(b). (Doc. 1.) The indictment alleges that from on or about July 23, 2019, and continuing through on or about July 25, 2019, Allen did knowingly attempt to persuade, induce, entice, and coerce an individual who had not attained the age of 18 years to engage in sexual activity for which any person can be charged with a criminal offense under Florida state law.

## II.   FACTS

On or about July 24, 2019, the defendant initiated communication with an FBI undercover (UC) agent posing as a 14-year-old girl on an online dating application. Early in their communications, the UC told Allen that she was 14-years-old and asked Allen she was too young for him. Allen responded, "No if you really mature it's fine with me," and requested to see a full body picture of the UC. Allen stated that he lived on the "south side" of Saint Petersburg, Florida, adding that he had the ability to drive.

Despite the UC's youthful age, Allen not only continued to engage in conversation with the UC, but Allen also turned the conversation sexual. Allen asked the UC if she wanted to see him and when was the last time the UC "g[o]t some." The UC responded that it had been "a while" and that she could "hang tomorrow." Allen asked the UC if she liked "making love" and advised that he was "huge." When the UC asked Allen "how big" he was, Allen responded "like 9" and asked the UC if that was "okay for [her]." At the UC's request, Allen then provided his cellphone number so that he could text message the UC directly. Allen continued to communicate with the UC via text message.

Allen repeatedly engaged in sexually explicit conversation and attempted to arrange to meet the UC for the purpose of engaging in sexual activity. The UC advised Allen multiple times that she was 14 years old and

too "young to get a license." On or about July 25, 2019, Allen detailed the sexual acts that he wanted to perform on the UC and engaged in the following conversation:

| | | |
|---|---|---|
| **ALLEN**: | I want to pure the champagne on your bo | |
| **ALLEN**: | Body | |
| **ALLEN**: | You want to fuck right now?? | |
| **UC**: | How | |
| **ALLEN**: | I come for you right now | |
| **UC:** | I mean what r u going to do to me. I like details | |
| **ALLEN**: | Spread your legs apart sucking on your nipple | |
| **ALLEN**: | Come down to your choochie suck and roll my tongue on it too | |
| **UC**: | R u sure its ok that I'm only 14 | |
| **ALLEN**: | Why you ask? | |
| **ALLEN**: | You is afraid? | |
| **UC**: | U just seem big and strong. I don't want u to hurt me | |
| **ALLEN**: | No I don't would never do that it's never cross my mind I will always respect your decision and respect you | |
| … | | |
| **UC:** | I just meant if we have sex u hav to be gentle | |
| **ALLEN**: | Yes baby I promise | |
| **ALLEN**: | Can you give me head | |
| **UC**: | I don't really know how but I can try | |
| **ALLEN**: | Okay baby | |

3

| | | |
|---|---|---|
| **ALLEN**: | You want me to teach you | |
| **UC**: | Would u do that. What do u want me to do | |
| **ALLEN**: | Make love to me | |
| **ALLEN**: | You ready | |
| **ALLEN**: | Can I call you | |

…

Allen repeatedly asked to meet with the UC, stated that he "want[ed] to fuck," and promised to wear a condom. Allen again asked for the UC's address. The UC advised Allen that they could meet at a parking lot located in Saint Petersburg, Florida. Allen told the UC to meet the defendant at 5:30 p.m. that same day.

On or about July 25, 2019, at approximately 5:11 p.m., law enforcement officers observed the defendant arrive at the designated meeting location. Allen text messaged the UC advising the UC of his arrival and attempted to call the UC. The UC observed the incoming phone call from the defendant but did not answer the phone. Instead, law enforcement officers arrested the defendant. A few minutes after Allen was arrested, the UC called Allen's phone number and observed Allen's cellphone ring and the UC persona's name flashed across the display screen on the phone.

### III.   ARGUMENT

Allen should not be permitted to raise entrapment as a defense in this case. All of Allen's online communications with the undercover agent are filed

under seal as Exhibits A and B to this motion. Neither those communications nor any other evidence show that the government's conduct induced Allen to commit the crimes alleged in the indictment. As we discuss below, because Allen cannot meet the threshold requirement to establish entrapment as a matter of law, he is not entitled to a jury instruction or to raise any defense regarding entrapment.

To establish the affirmative defense of entrapment, a defendant must show that (1) the government induced the crime, and (2) the defendant was not predisposed to commit the crime. *United States v. Sistrunk*, 622 F.3d 1328, 1333 (11th Cir. 2010). A defendant's right to raise an entrapment defense, however, "is conditional, since before an entrapment defense may be presented to the jury, an evidentiary foundation for a valid entrapment defense must be present." *Id*. Thus, a defendant bears an initial burden of production to show government inducement. *Id*. Only after the defendant meets that burden, the burden shifts to the government to prove beyond a reasonable doubt that the defendant was predisposed to commit the crime. *Id*. The sufficiency of the defendant's evidence of government inducement is a "legal issue to be decided by the trial court." *Id.* at 1332–33. Therefore, when the defendant fails to produce sufficient evidence of government inducement, a district court properly precludes presentation of an entrapment defense at trial. *See United States v. Aguinaga*, 643 F. App'x 858, 861 (11th Cir. 2016) (affirming

5

district court's granting a motion *in limine* to preclude entrapment defense when defendant failed to produce sufficient evidence of government inducement).

To meet the initial burden of government inducement, a defendant can present evidence "that the government's conduct created a substantial risk that the offense would be committed by a person other than one ready to commit it." *United States v. Brown*, 43 F.3d 618, 623 (11th Cir. 1995). Government inducement requires an "element of persuasion or mild coercion," a showing the defendant may make by showing that "he had not favorably received the government plan, and the government had to 'push it' on him," or that "several attempts at setting up an illicit deal had failed and on least one occasion he had directly refused to participate." *United States v. Alston*, 895 F.2d 1362, 1368 (11th Cir. 1990). Even evidence that an agent sought out or initiated contact with the defendant and proposed the illicit transaction, absent evidence of persuasion or coercion, is insufficient as a matter of law to entitle the defendant to an entrapment instruction. *United States v. Ventura*, 936 F.2d 1228 (11th Cir. 1991).

In the present case, Allen never refused to participate or demonstrated reluctance. Rather, he continued to consistently elevate the sexual nature of the conversation and made repeated requests to meet with the UC for the purpose of engaging in sexual activity. At no time during the communications

did Allen refuse to participate; nor did the undercover agent have to push the plan on Allen. To the contrary, Allen was the one who insisted on meeting for sex. Instead of refusing to participate in the criminal conduct, Allen described exactly what he wanted to occur during his sexual encounter with a person he believed to be a child. As a matter of law, there was no government inducement.

Even if the court found that Allen made a showing of government inducement, the government can prove beyond a reasonable doubt that Allen was predisposed to commit the crime. "[W]here the defendant is simply provided with the opportunity to commit a crime, the entrapment defense is of little use because the ready commission of the criminal act amply demonstrates the defendant's predisposition." *Jacobson v. United States*, 503 U.S. 540, 550 (1992). The fact that a defendant fails to avail himself of an opportunity back out of a transaction and is eager or ready to participate in the proposed transaction is evidence to support that the defendant was predisposed to commit the crime. *See Ventura*, 936 F 2d. at 1230-31.

Despite Allen's opportunities to cease communication, he persistently continued to engage in sexually explicit conversation—describing the sex acts he wished to engage in with the child in graphic detail—and made multiple requests to meet with the UC for a sexual encounter. Allen's "failure to take advantage of repeated opportunities to back away from the criminal conduct

7

establishe[s] his predisposition" to commit the offense. *See United States v. Howard*, 625 Fed. Appx. 934, 937 (11th Cir. 2015); *see also United States v. Rutgerson*, 822 F. 3d 1223 (11th Cir. 2016) (finding that the government did not entrap the defendant in an attempted enticement case, but "simply provided [Rutgerson] with the opportunity to commit a crime" and his "ready commission of the criminal act demonstrated his predisposition."). Allen solidified his predisposition to commit the offense when he took action and traveled to meet the UC for the purpose of engaging in sex.

## IV.   CONCLUSION

Allen cannot make the requisite showing of government inducement. To the contrary, the communications evidence Allen's readiness and eagerness to meet with a 14-year-old child for a sexual encounter and his predisposition to commit the crime. Thus, permitting the defense of entrapment, absent any government inducement, would be error. The United States respectfully requests that this Court preclude Allen from arguing an entrapment defense and decline to instruct the jury on entrapment.

        Respectfully submitted,

        MARIA CHAPA LOPEZ
        United States Attorney

By:   */s/ Lisa M. Thelwell*
       LISA M. THELWELL
       Assistant United States Attorney
       Florida Bar No. 100809
       400 North Tampa Street, Suite 3200
       Tampa, Florida 33602
       Telephone: (813) 274-6000
       Facsimile: (813) 274-6178
       E-mail: lisa.thelwell@usdoj.gov

U.S. v. Dameon Allen                               Case No. 8:19-cr-363-T-36AEP

## CERTIFICATE OF SERVICE

I hereby certify that on November 1, 2019 I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to the following:

Adam Nate, Esq.

*/s/ Lisa M. Thelwell*
LISA M. THELWELL
Assistant United States Attorney
Florida Bar No.: 100809
400 North Tampa Street, Suite 3200
Tampa, Florida  33602
Telephone: (813) 274-6000
Facsimile: (813) 274-6178
E-mail: lisa.thelwell@usdoj.gov